In the Matter of the Application of EMANUEL GOLDBERG, Petitioner, Appellant, against S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, and EDWARD J. FERGUSON, Respondents.

First Department, October 28, 1939.

*Walter M. Weis* of counsel, for the appellant.

*John T. Dooling* of counsel, for the respondent Edward J. Ferguson.

*Russell Lord Tarbox* of counsel, for the respondent Board of Elections of the City of New York.

Per Curiam. On October 10, 1939, petitions were filed in the office of the board of elections of the city of New York for the purpose of nominating appellant for the office of councilman, borough of Manhattan, New York city. The papers consisted of numerous sheets, at the head of each of which there was printed the following:

" I, the undersigned, do hereby state that I am duly qualified voter of the Borough of Manhattan, City and State of New York, that I have registered within 18 months prior to the filing of this petition, that my place of residence is truly stated opposite my signature hereto and that I intend to support at the ensuing election, and I do hereby nominate the following named person as a candidate for nomination for public office to be voted for at the election to be held on the 7th day of November, 1939, * * *."

Opposite each signature to the petition there purported to be stated the place of residence of the signer, together with the Assembly and election districts in which he resided. There was no statement of the address from which the signer claims to have registered.

Provisions concerning the nomination and election of members of the city council are found in the New York City Charter (Chap. 43). After setting forth that the election of councilmen shall be by the system of proportional representation, the Charter provides (§ 1002, subd. b) that the election of councilmen shall be conducted by the election authorities, and that the provision of the Election Law with respect to independent nominations of candidates and other matters " so far as applicable " shall govern, " except as provision is otherwise made herein."

Section 1004, subdivision a, of the Charter provides that nominations shall be by petition in accordance with the provisions of the Election Law for independent nominations, so far as applicable, " except as herein otherwise provided."

Section 1004, subdivision b, of the Charter, which relates to the number of signatures required, states that the nominating petitions for the office of councilman " shall be signed by not fewer than two thousand electors who have registered as voters of such borough within eighteen months previous to the filing of the petition."

Section 137 of the Election Law relates to petitions for independent nominations. In that section the requirement with respect to registration of independent nominators is that they are to register on one of the days of registration in the year in which the nomination is being made.

The laws governing the subject of nominating petitions leave much to be desired. The conflict between the provisions of the Charter with respect to the nomination of councilmen and those in

the Election Law with respect to independent nominations generally add to the difficulties presented. It is plain that the Charter provisions with respect to registration of nominators of councilmen are substantially different from those with respect to other nominations. Under the Charter it is sufficient that the nominators register within eighteen months prior to the date of filing the nominating petition. Registration for the ensuing year is not required. On the other hand, the Charter makes essential the requirement that the signers of the petition shall have been registered voters within the borough in which the nomination is being made.

The present petitions contain no statement to show that the signers are qualified by reason of registration within the borough of Manhattan within the period prescribed. We accordingly find that the petitions were defective. That the defect must be held to be a fatal one, and not a mere irregularity, must follow when we consider the fact that the petitions contained no declaration or statement as to where the signers had registered. The sole requirement being that of registration within eighteen months, it would be permissible for a person to sign who had registered at some place other than his residence as given on the petition. The opportunity to check the fact of registration within the short time elapsing between the filing of petitions and the election, would seem to make it essential that at least there be some statement in the petition that the registration took place in the borough where the nomination was being made. This is the requirement of the Charter, and compliance therewith would seem mandatory.

As we read the Charter in connection with the Election Law, it would seem that the registration in the ensuing year, as required in section 137 of the Election Law, is not an essential in the case of those signing petitions for councilmen. It is enough that the signers "register within 18 months prior to the filing of this petition."

We call attention to the fact that the Election Law apparently requires only that the present residence of the signer be stated on the petition. There is no express requirement that the address of registration be given. For this reason little opportunity seems to be afforded to ascertain the place of registration. We do not determine whether proof that the signer was not registered from his present residence within the eighteen months might establish non-registration, at least *prima facie*. It is sufficient to hold that it is essential to the validity of a petition for councilman that registration within the borough be asserted.

Under the circumstances, it is unnecessary to pass upon the correctness of the rulings of the board of elections on the other grounds on which the petitions were invalidated.

The order appealed from should be affirmed.

Present — MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ.

Order unanimously affirmed. Leave to appeal to the Court of Appeals granted.